PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Violation of the Automobiles Act.

No. 1282.—Decided June 24, 1918.

AUTOMOBILES—INFORMATION.—In an information laid under section 12 of Act No. 75 of April 13, 1916, it is not sufficient to allege generally that the chauffeur ''operated the automobile without due care, without taking the necessary precautions and without due regard to the width, traffic and use of the road, thereby colliding with another vehicle.'' It must specify further that he committed some act in violation of one or more of the various specific provisions contained in the said section.

The facts are stated in the opinion.

*Mr. Enrique Campillo* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Appellant Mariano Rivera was found guilty under a complaint which reads as follows:

''I, José Ramos Valle, of age, Insular policeman, residing at No. 60 Salvador Brau Street, San Juan, P. R., charge Mariano Rivera with violating section 12 (*a*) of the Automobiles Act of April 13, 1916, in the following manner: On November 9, 1917, at 1:15 p. m., Mariano Rivera unlawfully, criminally and wilfully violated the provision of the act regulating the operation of motor vehicles in Porto Rico by operating the automobile omnibus No. 153 on the highway in front of School No. 1 of San Juan within the Municipal Judicial District of San Juan, P. R., which forms part of the Judicial District of San Juan, without due care and without taking into consideration the width, traffic and use of the road, thereby colliding with another vehicle.''

In the first place, the appellant contends that the complaint charges no offense, because, although he is accused of

having collided with another vehicle through failure to observe proper care, or to take the necessary precautions, or to consider the width, traffic and use of the road, these words do not describe an offense, or set up the necessary facts to show clearly what offense is charged so as to enable the defendant to prepare his defense without doubt or vacillation; that the complaint is based on section 12 (*a*) of the Automobiles Act, which contains eight subdivisions, and that according to the case of *People* v. *Borque,* 25 P. R. R. 553, we should reverse the judgment appealed from and acquit him.

The complaint in this case is really quite similar to the complaint in the *Borque* case, in which it was charged also that the defendant ''failed to take proper precautions in the operation of said car to insure the safety of lives and property, causing the car to strike the boy Joaquín Solá, who received bruises, etc.'' In that case we held that the complaint did not charge the defendant with any specific offense, because section 12 of Act No. 75 of 1916, said to have been violated, contains eight subdivisions, the first being general and the others referring to specific cases, and that in a complaint made under that section it is not sufficient to allege generally that the chauffeur did not take the proper precautions in operating the automobile to insure the safety of lives and property, but that it should be alleged further that he committed some act in violation of one or more of the various specific provisions of the said section.

As the same reasons are applicable to the present case, we must reverse the judgment appealed from and acquit the defendant.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.